**UNITED STATES v. MEDICAL SOC. OF THE DISTRICT OF COLUMBIA et al.**

District Court of the United States for the District of Columbia.

Nov. 17, 1938.

John Henry Lewin, of Baltimore, Md., Allan Hart, of Portland, Or., Douglas B. Maggs, of Durham, N. C., and Grant W. Kelleher, of Washington, D. C., for the United States.

PROCTOR, Justice.

The first two paragraphs of the subpœna in broad yet detailed terms do in effect call for production of all writings of every kind in possession of the American Medical Association which were made, sent or received by it or any individual or body during stated periods running back from October 15, 1938, as far as January 1, 1916, "referring or relating" to ten named organizations or persons, and all such writings so made, sent or received from January 1, 1935, to October 15, 1938, "referring or relating" to any individual or body engaged in providing, proposing or attempting to provide prepaid medical care or low cost group practice of medicine.

In moving to quash the subpœna the American Medical Association urges, among other grounds, that it is so broad and all inclusive in its requirements as to be unreasonable and oppressive, and thus violative of the constitutional inhibition against unreasonable searches and seizures, U.S.C.A.Const. Amend. 4.

The assertions made in the motion and in argument that compliance with the subpœna will require an examination for the stated periods of every paper in all the files of the Association scattered through its separate departments, occupying a large nine story building in Chicago, have

not been challenged in any way. The statement seems to be fair when one visualizes the situation in the light of the sweeping terms of the subpœna. To fully and strictly comply therewith every paper of whatever nature containing the slightest reference to the ten named organizations and persons for the periods specified must be found and produced. In most instances the dates go back of 1930; in one case to 1916. In addition, it would be necessary to find over a period of about four years all papers of every kind containing any possible reference to persons or bodies engaged in providing, proposing or attempting to provide prepaid medical care or low cost group medical practice. The marks for identifying these papers are not prescribed subjects that might have some possible relevancy to the nature of the grand jury's investigation. The only means for finding them is to examine all papers for some reference, however casual or unimportant, to specified classes of persons, apparently large, who may in any way have been engaged in any movement to promote prepaid or low cost group medical service. Moreover, it is presupposed that the Association knows the names of all those so engaged. Doubtless many are known, but it seems likely they would be met with great difficulty and uncertainty in attempting to identify all. In view of these considerations, I cannot but regard the provisions of the first and second paragraphs of the subpœna as imposing an unreasonable and oppressive burden.

I do not think the foregoing provisions of the subpœna can be justified by the decision of the Supreme Court in Brown v. United States, 276 U.S. 134, 48 S.Ct. 288, 72 L.Ed. 500, as counsel for the government contend. The decision, and others of the Court, establish the rule that a subpœna duces tecum must be limited to a reasonable period of time and specify with reasonable particularity the subjects to which the desired writings relate. Each case must be judged according to the peculiar facts arising from the subpœna itself and other proper sources. I cannot agree with the able and earnest contention of the government counsel that the provisions of the first two paragraphs of the subpœna here in question do meet the rule of reasonableness. They may partake of the form of the subpœna in the Brown Case, but I think they fail in substance to meet the spirit of the rule.

However, as to the third paragraph of the subpœna, I am of the opinion that its requirements are reasonable. It does specify with reasonable particularity the subjects to which the desired documents relate. It can also be seen that such papers may have some material bearing upon the grand jury investigation. Although the period of time involved is quite long, I do not think it is sufficiently so to be deemed unreasonable in view of the nature of the inquiry. With the subject matters so well defined, there ought to be no great difficulty in making the search and according fair compliance with the requirements of this part of the subpœna. If in view of the interruption caused by the motion additional time is needed, I have no doubt counsel for the government will be pleased to arrange it.

I realize that sub-paragraph "c" may by its terms cover privileged communications, but omit dealing with the question now in view of counsels' assurance that they apprehend no trouble in amicably settling any questions of that kind that may arise. If they should disagree as to any paper they may feel at liberty to bring the matter to me at any time.

The first and second paragraphs of the subpœna will be quashed, the third paragraph will stand.